**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ESTATE OF MANUEL ROSENBERG and AUDRAY ROSENBERG,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO. _____** |
| **MACY'S, INC., METLIFE, INC., AND BRIGHTHOUSE FINANCIAL** | |
| *Defendants.* | |

## COMPLAINT

### Introduction

1.      Plaintiffs brings this lawsuit pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"): (a) 29 U.S.C. § 1132(a)(1)(B), which authorizes a plan "participant or beneficiary" to bring a "civil action" to "recover benefits due . . . under the term of his plan;" (b) 29 U.S.C. § 1132(a)(2), which authorizes a participant or beneficiary to pursue claims for breach of fiduciary duty;  and (c) 29 U.S.C. § 1132(a)(3) (ERISA's so-called "catch-all" provision) for equitable relief from breach of fiduciary duty.  29 U.S.C. § 1132(a)(3) provides that a civil action may be brought -

> "(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

2.      In accord with 29 U.S.C. § 1132(a)(1)(B), Plaintiffs seek to obtain the benefits due arising from Defendants' failure to provide the benefits due under a 10 Year Certain & Life

Annuity purchased by Plaintiff Audray Rosenberg's husband, Mr. Rosenberg, prior to his death. As a result of Defendants' cancellation of the 10 Year Certain & Life Annuity, Plaintiffs have suffered damages in an amount to be determined.

3.      In cancelling the 10 Year Certain & Life Annuity, the plan fiduciaries breached their fiduciary duties under ERISA by failing (1) to act solely in the interest of the plan participant and his beneficiary; and (2) to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

4.      In accord with 29 U.S.C. § 1132(a)(2), Plaintiffs seek to obtain relief for the financial losses incurred as a result of the Defendants' breaches of fiduciary duty.

5.      In accord with 29 U.S.C. § 1132(a)(3), Plaintiffs seek to obtain equitable relief for Defendants' breach of fiduciary duties.

### *Jurisdiction and Venue*

6.      This Court has original jurisdiction over the federal claim described in Paragraph l pursuant to 29 U.S.C. § 1132(e)(1).

7.      Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because each of the Defendants may be found in this district given their actions related to Mr. Rosenberg's benefits and Plaintiffs' claim for benefits and as detailed in this Complaint, Defendants' breaches of ERISA occurred in this district.

8.      Venue is also proper in this district pursuant to 28 U.S.C. § 1391 because Defendants systematically and continuously do business in this district, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this district.

9. Personal jurisdiction over Defendants exists because Plaintiff Audray Rosenberg is a Massachusetts resident who has been deprived of her rights under ERISA due to Defendants' actions.

10. Personal jurisdiction over the Defendants lies under 29 U.S.C. § 1132(e)(2), which provides that "process may be served in any . . . district where a defendant resides or may be found." Each of the Defendants may be found in Massachusetts, among other potential states for service, given their actions in this state related to the plan, Mr. Rosenberg's employment and benefits, and their actions related to Plaintiffs' claim for benefits.

*Parties*

11. Plaintiff Audray M. Rosenberg ("Mrs. Rosenberg") is an individual with a residence in Boston, Massachusetts.

12. Mrs. Rosenberg's husband Manuel B. Rosenberg ("Mr. Rosenberg"), now deceased was a fully vested participant in the Federated Department Stores, Inc. Retirement Income and Thrift Incentive Plan ("RITI"). Therefore, the Estate of Manuel B. Rosenberg brings this action as well.

13. Mrs. Rosenberg was the beneficiary of, *inter alia*, a 10 Year Certain & Life Annuity (the "RITI Annuity") purchased on behalf of her deceased husband, Manual B. Rosenberg, under the RITI through his employer, the Filene's division of Federated Department Stores ("Federated").

14. Upon information and belief, Defendant Macy's, Inc. ("Macy's") (the successor to Federated) is incorporated in Delaware with a usual place of business at 151 West 34 Street, New York, New York.

15.     Upon information and belief, Defendant MetLife, Inc. ("MetLife") is an annuity and life insurance product provider incorporated in Delaware with a usual place of business at 200 Park Avenue, New York, NY.

16.     Upon information and belief, Defendant Brighthouse Financial ("Brighthouse") is an annuity and life insurance product provider incorporated in Delaware with a usual place of business at 11225 North Community House Road, Charlotte North Carolina.

17.     The Federated Department Stores, Inc. Retirement Income and Thrift Incentive Plan (the "Plan") at issue is an employee pension benefit plan regulated by ERISA.  The insurer in this matter is Defendant Brighthouse.

18.     Upon information and belief, at all times relevant, Defendant Macy's was the Plan Sponsor and was responsible for the operation of the Plan. Upon information and belief, Defendant Macy's acted as a fiduciary and in the role of plan sponsor for the Plan.

19.     Upon information and belief, Defendant MetLife acted as a fiduciary and in the role of plan administrator for Plan.

20.     Upon information and belief, Defendant Macy's is registered to conduct, and does regularly transact and solicit business, in the Commonwealth of Massachusetts, including but not limited to entering into contracts, including for the provision of annuities, required under the terms of the Plan.

21.     Upon information and belief, Defendant MetLife is registered to conduct, and does regularly transact and solicit business, in the Commonwealth of Massachusetts, including the sale and issuance of annuity contracts of the type at issue in the instant matter.

22.     Upon information and belief Defendant Brighthouse is registered to conduct, and does regularly transact and solicit business, in the Commonwealth of Massachusetts, including the sale and issuance of annuity contracts of the type at issue in the instant matter.

*Facts*

23.     Mr. Rosenberg was an employee of Federated from 1957, until he left Federated in or about October 1973.

24.     Macy's is the successor in interest to Federated.

25.     Mr. Rosenberg left Federated in 1973, by which time he was a fully vested participant with an unpaid balance in the Plan.  Mr. Rosenberg continued to be a participant in the Plan after leaving Federated.

26.     At that time, Mr. Rosenberg was paid an amount equal to his own contributions to the Plan (and investment earnings attributable thereto) in the fall of 1973. Exhibit A.

27.     Mr. Rosenberg's remaining balance at that time in the Plan of $44,642.58 was used as the purchase premium for the RITI Annuity at issue in the instant litigation. Exhibit A.

28.     Federated's annuity purchase form was signed by Mr. Rosenberg on February 20, 1974. Exhibit A.

29.     Federated's representative signed the form on March 3, 1974 and a stamped acknowledgement of the form's receipt by Connecticut General Life Insurance Company (now known as "Cigna") bears the date March 6, 1974. Exhibit A.

30.     Upon information and belief, the Plan is currently being administered by MetLife.

31.     Upon information and belief, the RITI Annuity is now being serviced by Brighthouse.  Exhibit B.

32.     Upon Information and belief, in August of 2017, MetLife completed the separation of a substantial portion of its U.S. Retail business, which is now operating as Brighthouse.  Brighthouse is now a separate, publicly traded company comprised of three issuing insurance companies, which were formerly part of the MetLife enterprise. Exhibit C.

33.     On or about, June 14, 2019 Brighthouse Financial confirmed that the RITI Annuity payment of $44,642.58 was applied on November 1, 1973, with a monthly benefit of $1,468.43 to commence on the normal retirement date of May 1, 1995. Exhibit B.

34.     On or about, June 14, 2019 Brighthouse Financial stated that the RITI Annuity was canceled on June 1, 1990. Exhibit B.

35.     Upon information and belief, neither Macy's, Brighthouse nor Metlife has provided proof of any notice informing Mr. Rosenberg that the RITI Annuity was going to be cancelled or replaced.

36.     Upon information and belief, neither Macy's, Brighthouse nor Metlife provided a reason for the alleged cancellation of the RITI Annuity.

37.     The annuity payments from the RITI Annuity should have begun in May of 1995.

38.     Upon information and belief, neither Mr. Rosenberg nor Plaintiff, as beneficiary, have received any payments from the RITI Annuity.

39.     Mr. Rosenberg's tax returns for 1995 and subsequent years are consistent with the fact that he did not receive any payments from the RITI Annuity.

40.     As of the filing of this complaint the Defendants have been unable to produce any records of payment of the RITI Annuity.

41.     As of the filing of this complaint the Defendants have been unable to produce copies of Form 1099-R issued to Mr. Rosenberg or copies provided to the IRS.

42.     Upon information and belief, neither Mr. Rosenberg nor Plaintiff ever cancelled the annuity or so instructed any of the Defendants.

43.     Plaintiff has demanded payment of the benefits in correspondence submitted to the relevant Defendants on multiple occasions and has exhausted all her administrative remedies under the Plan.  Exhibit D.

44.     To the extent any further requirements for seeking administrative remedies may be asserted by Defendants, such requirements are futile; were substantially complied with if not fully complied with; and are deemed exhausted given the facts of this matter, current regulations governing claims processing under ERISA plans, and Defendants' failure to provide timely notice of appropriate and legally binding claim procedures.

**A.  Defendants' Breaches Of Fiduciary Duty**

45.     Under ERISA, a person who (i) asserts discretionary authority or control over the management of the plan, (ii) authority of control over plan assets, or (iii) any discretionary authority or control over plan administration is a fiduciary.   29 U.S.C. §1002 (21)(A). Defendants MetLife and Brighthouse, therefore, are each a fiduciary of the Plan due to their actions alleged above.   Defendants MetLife and Brighthouse have asserted control over plan assets and have administered and managed the Plan as alleged above, rendering each a fiduciary for purposes of ERISA.

46.     Further, as the employer and plan sponsor, Defendant Macys is a fiduciary of the Plan for purposes of ERISA.

47.     ERISA imposes strict fiduciary duties of loyalty and prudence upon Defendants as fiduciaries of the Plan.  According to the Department of Labor ("DOL"), the "primary responsibility of fiduciaries is to run the plan solely in the interest of participants and beneficiaries and for the exclusive purpose of providing benefits and paying plan expenses."

48.     ERISA §404(a)(1) states, in relevant part, that: [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and -

(A)     for the exclusive purpose of:

(i)     providing benefits to participants and their beneficiaries; and

(ii)     defraying reasonable expenses of administering the plan.

29 U.S.C. §1104(a)(1).

49.     The duty of loyalty requires fiduciaries to act with an "eye single" to the interests of plan participants.   Pegram v. Herdrich, 530 U.S. 211, 235 (2000).   "Perhaps the most fundamental duty of a [fiduciary] is that he [or she] must display . . . complete loyalty to the interests of the beneficiary and must exclude all selfish interest and all consideration of the interests of third persons."  Id. at 224.

50.     In addition to a duty of loyalty imposed on Plan fiduciaries, ERISA also imposes a duty of prudence.  The duty of prudence "'imposes a "prudent person" standard by which to measure fiduciaries' investment decisions and disposition of assets.'"  Fifth Third Bancorp v. Dudenhoeffer, __ U.S. __, 134 S. Ct. 2459, 2467 (2014) (citation omitted).  This means that ERISA fiduciaries must discharge their responsibilities "with the care, skill, prudence, and diligence" that a prudent person "acting in a like capacity and familiar with such matters would use." 29 U.S.C. §1104(a)(1)(B).

51.     Here, Defendants did not take even minimal steps to meet their fiduciary duties under ERISA.  Defendants, as noted above, have unilaterally allowed for the cancellation and denial of benefits owed to the Plaintiffs.  Defendants had ultimate control over the RITI Annuity and disbursements of the RITI Annuity benefits.

52.     As ERISA fiduciaries, therefore, with all attendant fiduciary obligations,

Defendants were required as a matter of law to provide Mr. Rosenberg and Plaintiff Audray Rosenberg, as beneficiary, the retirement benefits due under the Plan and the RITI Annuity. Defendants did not.

53.     Defendants failed to comply with their fiduciary duties of prudence and loyalty, and, in particular, have mismanaged the retirement account at issue with the sole intent of evading their obligations under ERISA.

54.     Among other violations and breaches, Defendants have failed to manage the retirement account of Mr. Rosenberg and Plaintiff Audray Rosenberg, as beneficiary, for the exclusive purpose of providing benefits to Plan participants.  In fact, Defendants have engaged in conduct intended to prevent the provision of benefits to Plaintiffs. Defendants have breached their duty of loyalty to Plaintiffs in this respect.

55.     Further, by failing to provide the retirement benefits required by the annuity, Defendants have failed to administer the Plan consistent with its governing documents. Defendants have thereby violated their fiduciary obligations.

56.     The Defendants' conduct, described above, has violated, and continues to violate, the sub-sections of ERISA that govern the behavior of a fiduciary.

57.     Pursuant to ERISA §§502(a)(2) and (a)(3), and 409(a), 29 U.S.C. §§1132(a)(2) and (a)(3), and 1109(a), Defendants are liable to disgorge all profits made as a result of Defendants' breaches of fiduciary duty and are personally liable for the monetary losses attributable to Defendants' breaches of fiduciary duty.

### Count I
### (Claim for Denial of Benefits, to Enforce Rights and Clarify Rights Under ERISA §502(a)(1)(B))

58.     Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as

though fully set forth herein.

59.     Plaintiffs brings this Count I pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which allows a participant or beneficiary to bring claims to recover benefits due under a plan, to enforce rights under the terms of the plan, or to "clarify his [or her] rights to future benefits under the terms of the plan."

60.     Defendants owed fiduciary duties to Mr. Rosenberg, as Plan participant, and to Plaintiff Audray Rosenberg as Plan beneficiary.

61.     Plaintiffs and Mr. Rosenberg completed all steps and actions required to receive the annuity benefit and to obtain payment of said benefit, but Defendants have denied Plaintiff Audray Rosenberg's claim for those benefits.

62.     Plaintiffs are entitled to an order that Defendants pay the amount of those benefits to Plaintiffs, along with interest, attorney's fees and any other related damages.

**Count II**
**(Claim for Breach of Fiduciary Duty Under ERISA §§404, 409 and 502(a)(2))**

63.     Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

64.     Plaintiffs brings this Count II pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), which allows a participant or beneficiary to bring claims for appropriate relief for violation of the fiduciary duties imposed by ERISA in ERISA §§ 404 and 409, 29 U.S.C. §§ 1104, 1109.

65.     Pursuant to ERISA §409, 29 U.S.C. § 1109, "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable" to make good any such losses.

66.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), provides in pertinent part that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and:

(a)     for the exclusive purpose of: providing benefits to participants and beneficiaries; and defraying reasonable expenses of administering the plan;

(b)     with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims . . . [and]

(c)     in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this [title I of ERISA] and title IV.

67.     Defendants' actions have violated the obligations imposed on them by ERISA § 404, 29 U.S.C. § 1104.

68.     As a result of Defendants' breach of fiduciary duties, Plaintiffs have suffered damages in the amount of the policy, lost earnings and interest on that amount, attorney's fees and any other losses, harms or damages.

## Count III
## (Claim for Equitable Relief pursuant to 29 U.S.C. § 502(a)(3) Against All Defendants)

69.     Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

70.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that "A civil action may be brought . . . by a . . . participant [or] beneficiary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or

the terms of the plan."

71.     As a result of Defendants' breach of fiduciary duties, Plaintiffs have suffered damages in an amount equal to the benefits that otherwise would have received under the Plan.

72.     As a result of Defendants' breach of fiduciary duties, one or more of the Defendants have retained funds that they would have otherwise been legally required to pay to Plaintiffs or Mr. Rosenberg, and have wrongly profited as a result.

73.     Defendants' breach of its fiduciary duties caused actual harm, injury and loss to Plaintiffs, and such harm cannot be remedied absent equitable or remedial relief, as the Court may deem necessary.

74.     Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Defendants must disgorge, or be surcharged, for the value of the retirement benefits owed under the Plan and the RITI Annuity that have been wrongfully retained by them.

## Count IV
## (In the Alternative, for Breach of Contract)

75.     Plaintiffs incorporate and re-allege the foregoing paragraphs by reference as though fully set forth herein.

76.     Should the Court conclude that the Plan is not subject to ERISA, then, in the alternative, Defendants, by their conduct described above, have committed breaches of contract.

77.     Defendants are liable for breach of contract and must be ordered to pay all sums that should have been paid to Plaintiffs or Mr. Rosenberg and all lost earnings due to Defendants' failure to timely due so.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully demand that judgment enter in favor of Plaintiffs against Defendants, plus interest, reasonable attorneys' fees, court costs, and such other equitable or remedial relief as the Court may deem appropriate under the circumstances.

<div style="margin-left:40%">

Respectfully submitted,

**Estate of Manuel Rosenberg and Audray M. Rosenberg**

By their attorneys,

/s/ *Stephen D. Rosenberg*
Stephen D. Rosenberg, Esq. [BBO# 558415]
Caroline M. Fiore, Esq. [BBO# 558088]
**The Wagner Law Group, P.C.**
99 Summer Street, 13th Floor
Boston, Massachusetts 02110
Tel: (617) 357-5200
Fax: (617) 357-5250
Email: srosenberg@wagnerlawgroup.com
Email: cfiore@wagnerlawgroup.com

</div>

**Date: October 15, 2020**

**Certificate of Service**

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 15th day of October, 2020.

/s/ *Stephen D. Rosenberg*

# Exhibit A

24

ANNUITY PURCHASE FORM

PRINTED FROM IDS CONFIDENTIAL RETIREMENT

**1. Contractholder**

FEDERATED DEPARTMENT STORES, INC.

1a. GR1122

**2. Division (Name and address)**

Filene's, 426 Washington St., Boston, Mass. 02101

**3. Annuitant's Name**   Manuel B. Rosenberg

3a. Sex — 3b. Date of Birth — 4-26-30

3c. Evidence Examined (See Reverse - Show No.)   1

3d. Soc. Sec. No.   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

**3d. Annuitant's Address**   369 Dudley St., Brookline, Mass. 02146

**4. Form of Annuity Elected**

☐ 10 Years Certain and Life Annuity

☐ Full Cash Refund Annuity

☐ Life Annuity (no death benefit)

☐ Joint and Survivor Annuity with

☐ 100%   ☐ 66 2/3%   ☐ 50%
(check one only)
continuation to designated survivor

☒ Reserved   Year of Regular Retirement   25 or more

☐ less than 25

**4a. Joint Annuitant's Name** (necessary only if J & S Annuity elected)

4b. Sex — 4c. Date of Birth — 4d. Evidence Examined (See Reverse - Show No.) — 4e. Relationship

**4e. Joint Annuitant's Address**

**5. Beneficiary (see reverse side for examples of preferred wording)**

Audrey Rosenberg, wife, if surviving the Participant; otherwise the
lawful surviving children of the Participant in equal shares, if any.
(Audrey Rosenberg S.S. No. — 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)

**5a. Beneficiary's Address**   369 Dudley Street, Brookline, Massachusetts   02146

**6. Premium Applied to Purchase Annuity**   $ 4,042.50

**6a. Annuity Purchase Date**   11-1-73

**6b. Annuity Commencement Date**   5-1-95

**6c. Approx. Amount Mo. Annuity**   $1,412.45?

**7. Mailing Instruction (need not complete unless different from 3d)**

Manuel B. Rosenberg
Filene's
9th and Market Streets
Philadelphia, Pa. 19105

**8. Employer has given Annuitant tax letter**   ☒ Yes   ☐ No

**8a. If no, give amount of Annuitant's contributions contained in 6.**

**9. Annuitant's Signature**   *Manuel B. Rosenberg*

**9a. Date**   Feb. 20, 1974

Certification: We hereby certify that the information shown above accurately reflects data as shown on the records of Federated Department Stores, Inc. and supplemental data, including the evidence of date of birth, supplied to us by the above named Annuitant for assistance in preparing the form. The purchase of the Annuity is in accordance with the terms of the Plan and Contract and is hereby authorized.

Date _____   Signed _____ (Division Representative)

Date _____   Signed _____ (Administrative Committee Representative)

25

PRINTED FROM IDS CONFIDENTIAL RETIREMENT

**FEDERATED DEPARTMENT STORES, INC. — RETIREMENT INCOME AND THRIFT INCENTIVE PLAN — TRUST NO. 42701**

SECTION I - TO BE COMPLETED BY DIVISIONAL RITI REPRESENTATIVE.

REASON FOR TRANSACTION (Put X in appropriate box)

| A. Withdrawal of Savings | B. Termination of Employment. Non-Vested | C. Death (Show Name & Address of Beneficiary Under "Comments") | D. Normal Retirement | E. Early Retirement | F. Transfer to General Payment Fund in Cash (N.R.D.) | G. Transfer to General Payment Fund in Cash & Stock (N.R.D.) | H. Retirement from Payment Account | J. Total and Permanent Disability | K. Name or Acct. No. Change (Show New Name or Acct. No. Under "Comments") | L. Change of Investment Before Normal Retirement Date | M. Other (Explain Under "Comments") |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

METHOD OF DISTRIBUTION (Put X in appropriate box)

| 1. 10 Years Certain and Life Annuity | 2. Life Annuity | 3. Joint & Survivor Annuity | 4. Full Cash Refund Annuity | 5. Lump Sum Cash | 6. Lump Sum in Cash & Stock | 7. Instalments (Explain Under "Comments") | 8. Other (Explain Under "Comments") |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

Savings not heretofore withdrawn $ 2362.50 (Current Year) $ _____ (Last Year)

Mailing Address for Distribution: Savings and accretions c/o the division
Annuity certif. c/o the division

Mailing Address for Form W-2P (formerly Form 1099). Enter participant's own address, unless already noted above. Form W-2P cannot be sent c/o Division. c/o Gimbel's, 8th and Market Sts., Philadelphia, Pa.

COMMENTS: VESTED TERMINATION OF EMPLOYMENT. Pay own savings ~~76,744~~ and accretions immediately; balance to be paid in a ~~$44,642.58~~ deferred annuity

**AWAITING BANK ACTION**

| (a) | Manuel B. Rosenberg |
|---|---|
| | Name of Participant |
| (b) | G-026226349 |
| | Account Number of Participant |
| (c) | 10.15.73 |
| | Effective date of Transaction |
| (d) | ☐ |
| | Registered letter # 1(or Only) or... check box if signed Form 11 already in file |
| (e) | 4.26.30 |
| | Date of Birth (except for K) |
| (f) | 43 yrs. |
| | Age on effective date (except for K) |
| (g) | 16 yrs. |
| | Total years of regular employment to effective date (except for K) |
| (h) | |
| | SS No. or IHS No. of Payee or Transferee to GPF |
| (i) | ☒ 5 or more years of plan participation |
| | ☐ Less than 5 years of plan participation |

Divisional Authorized Signature _____ 10.11.73   Filene's   Divisional Authorized Signature _____ Date

SECTION II - TO TRUSTEE: The RITI Administrative Committee directs and authorizes the transaction indicated on this form. Unless otherwise noted, the Committee Representative, by signing, attests that, at the time of death, participant was not a resident of the State of Illinois.

Committee Representative _____ 11·5·73 Date

Remarks: _____

46362

SECTION III - COMPUTATION:   Employe's Savings $ 17,281.10 + 2362.50 = 19,643.60

THE FIRST NATIONAL BANK OF CHICAGO: TRUSTEE TAXPAYER #36-6019239

| | | GENERAL TRUST FUND | | | | | | | GENERAL EMPLOYES DEPOSIT FUND | REFUND OF CURRENT SAVINGS | | GENERAL PAYMENT FUND | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | R I | | T I | | | | TOTALS | | | | | |
| | | (Sha) (1) | (6) (2) | (Sha) (3) | (6) (4) | (Sha) (5) | (6) (6) | (6) (7) | (6) (8) | (6) (9) | (Sha) (10) | | |
| I. Participant's Credits @ 12/72 | | 732.17 | 3920.56 | 205.85 | 1167.69 | 938.02 | 5098.25 | 22959.48 | 2362.50 | | | | |
| II. Participant's Credits @ | | | | | | | | | | | | | |
| III. Value Adjust. on GTF @ 7/73 GEDF,&Curr.Svgs.@ | | | | | | | (387.19) | 1191.84 | 61.59 | | | | |
| IV. Current Dividends @ .27 | | | | | | | | 253.27 | | | | | |
| V. Past Dividends @ .80 | | | | | | | | 750.42 | | | | | |
| VI. Stock @ 41½ on 10/15/73 | | | | | | (938.02) | 3892.83 | | | | | | |
| VII. Stock @ on | | | | | | | | | | | | | |
| VIII. GEDF Special Gov't. Fund | | | | | | | | | | | | | |
| IX. Surrendered Credits p/b o/y | | | | | | | | | | | | | |
| X. Distributable Credits | | | | | | | - 0 - | 44642.58 | 40503.73 | 2424.09 | | | |
| XI. Amount of Distribution: Cash @ | | | | Less @ | | | Total Cash @ 71,117.04 | | | Sha. of Stock # | - o - | | |

SECTION IV - CERTIFICATION BY TRUSTEE:   ACTION DIRECTED BY THIS FORM HAS BEEN COMPLETED   Date _____ By _____ Eff. _____

INSTRUCTIONS & DISTRIBUTION: See RITI Divisional Manual. Division should complete section I, retain white copy and mail other copies to H.Q. Leave first and second carbons intact.

Form RITI 5 (Rev. 7/71)
FRANK'S PRINTING

*COMPLETE FORM WITH TYPEWRITER OR BALL POINT PEN • PRINT FIRMLY AND LEGIBLY*

OCT 15 1973

# Exhibit B



Brighthouse Financial
11225 N Community House Rd
Charlotte, NC 28277-1234
D (980) 949 4208
sjohnson35@brighthousefinancial.com

June 14, 2019

The Wagner Law Group
Stephen J. Migausky
99 Summer Street, 13th Floor
Boston, Massachusetts 02110

> Re:   **Demand for Payment**
> **Group Annuity Benefit for Manuel B. Rosenberg**
> **Group Name: Federated Department Co.**
> **Brighthouse Complaint Number CC2830**

Dear Mr. Migausky:

I am writing in response to your letter dated May 16, 2019 addressed to MetLife regarding the above referenced group annuity benefit on behalf of the estate of Manuel B. Rosenberg. It's your contention that Mr. Rosenberg did not receive any benefit payments, prompting your request for the Company determine the status of this annuity benefit. I have been assigned to respond to your inquiry and submit the following information for your review.

After research, we have determined that this annuity benefit was issued on September 1, 1973. An initial payment of $44,642.58 was applied on November 1, 1973, with a monthly benefit of $1,468.43 to commence on the normal retirement date of May 1, 1995. However, records show that this benefit was canceled on June 1, 1990.

We hope that this information brings you closer to resolving this inquiry. Should you need anything further, please feel free to contact me directly.

Sincerely,

Shaun Johnson
Senior Compliance Associate

Exhibit C



October 31, 2018

PO Box 8211
Mason, Ohio 45040

THE WAGNER LAW GROUP
Russell A. Gaudreau Jr.
99 Summer Street 13th Floor
Boston, MA 02110

Re: Macy's, Inc. Retirement Program

Dear Russell A. Gaudreau, Jr.:

Our records show that a deferred annuity was purchased from The Travelers Insurance Company at the time of Manuel Rosenberg's termination. This was in accordance with the rules of the Federated Retirement Program at that time.

Monthly payments were scheduled to commence May 1, 1995.

For further assistance, or for a copy of the annuity contract, you should contact:

MetLife (formerly The Traveler's Life and Annuity)
PO Box 14710
Lexington, KY 40512-4710
1-800-638-5656

When contacting them you should refer to Federated Department Stores, Inc. Group Contract #2646/GR1122, Certificate #31.

If you have any additional questions or concerns, I can be reached at 513-754-9418.

Sincerely,

Phillip Hale
Macy's HR Services

## Ellen Stone

| | |
|---|---|
| **From:** | Johnson, Shaun <sjohnson35@brighthousefinancial.com> |
| **Sent:** | Tuesday, September 24, 2019 1:04 AM |
| **To:** | Ellen Stone |
| **Cc:** | Stephen Migausky |
| **Subject:** | Re: [EXT]Manuel B. Rosenberg; Brighthouse Complaint Number CC2830 |

Hello Miss Stone, it has come to our attention that you inquired about contract for Manuel Rosenberg. As referenced in my prior email from June 21, 2019, we have no record of such contract.

Shaun Johnson
Senior Compliance Associate
11225 North Community House Rd, Charlotte, NC 28277
sjohnson35@brighthousefinancial.com

---

**From:** Johnson, Shaun
**Sent:** Friday, June 21, 2019 8:40:00 AM
**To:** Ellen Stone <EStone@wagnerlawgroup.com>
**Cc:** Stephen Migausky <SMigausky@wagnerlawgroup.com>
**Subject:** RE: [EXT]Manuel B. Rosenberg; Brighthouse Complaint Number CC2830

Good morning Ms. Stone,

Allow me to offer you a little background.

This contract was originally issued by Travelers Life & Annuity Company ("Travelers") in 1973. In 2005, MetLife acquired Travelers which included its pension business along with the administrative systems used to service the contracts. The name of the issuing Company was changed to MetLife Insurance Company of Connecticut ("MICC"). In November of 2014, MICC changed its name to MetLife Insurance Company USA. In August of 2017, MetLife completed the separation of a substantial portion of its U.S. Retail business, which is now operating as Brighthouse Financial[SM]. Brighthouse Financial, Inc. is now a separate, publicly traded company comprised of three issuing insurance companies, which were formerly part of the MetLife enterprise. One of the issuing companies is now Brighthouse Life Insurance Company (Formerly MetLife Insurance Company USA).

As the acquisition included the administrative systems, we have visibility into the status of contracts that pre-date MetLife's acquisition of Travelers. In this case, the system shows this contract was canceled in 1990, which was 15 years before MetLife acquired Travelers. Therefore, this contract was not serviced by MetLife or Brighthouse, nor do we have the records needed to answer your questions below.

It's not uncommon for plan sponsors (the employer in many cases) to cancel certain benefits provided in a plan and replace them with another product with another financial institution. We are unable to determine if that was the case here, but it may be something to consider as you continue your research.

I hope this helps. I'm happy to discuss further if needed.

Regards,

 **Brighthouse**
FINANCIAL

Shaun Johnson
Senior Compliance Associate
11225 North Community House Rd, Charlotte, NC 28277

# Exhibit D

# THE WAGNER LAW GROUP

99 SUMMER STREET, 13TH FLOOR
BOSTON, MA 02110
Tel (617) 357-5200
Fax (617) 357-5250

www.wagnerlawgroup.com

800 CONNECTICUT AVE., N.W., SUITE 810
WASHINGTON, D.C. 20006
Tel (202) 969-2800
Fax (202) 969-2568

7108 FAIRWAY DRIVE, SUITE 125
PALM BEACH GARDENS, FL 33418
Tel (561) 293-3590
Fax (561) 293-3591

300 MONTGOMERY STREET, SUITE 600
SAN FRANCISCO, CA 94104
Tel (415) 625-0002
Fax (415) 358-8300

190 S. LASALLE ST., SUITE 2100
CHICAGO, IL 60603
Tel (847) 990-9034
Fax (847) 557-1312

25 W. MOODY AVENUE
ST. LOUIS, MO 63119
Tel (314) 236-0065
Fax (314) 236-5743

101 E. KENNEDY BOULEVARD, SUITE 2140
TAMPA, FL 33602
Tel (813) 603-2959
Fax (813) 603-2961

October 25, 2018

Macy's HR Services
PO Box 8211
Mason, OH  45040

Re:   **Demand for Payment**

Dear Sirs:

This is a demand for payment of retirement benefits on behalf of the estate of Manuel B. Rosenberg which is represented by this firm.  Mr. Rosenberg, who died on June 15, 2017, was an Executive Vice President of the Filene's division of Federated Department Stores ("Federated") with respect to which Macy's is a successor in interest.  Mr. Rosenberg left Filene's in 1973 to become the Chief Executive Officer of Gimbel's in Philadelphia, at which time he was a participant with an unpaid balance in the Federated Department Stores, Inc. Retirement Income and Thrift Incentive Plan ("RITI").

The enclosed RITI forms show that Mr. Rosenberg was paid an amount equal to his own RITI contributions (and investment earnings attributable thereto) in the fall of 1973.  The remaining balance of $44,642.58 was to be used as the purchase premium for a life annuity, payable monthly commencing May 1, 1995 which would have been the first month after Mr. Rosenberg attained age 65.  Federated's annuity purchase form (copy enclosed) was signed by Mr. Rosenberg on February 20, 1974.  Federated's representative signed the form on March 3, 1974 and a stamped acknowledgement of the form's receipt by Connecticut General Life Insurance Company (now known as "Cigna") bears the date March 6, 1974.[1]

Mr. Rosenberg never received any payments related to the RITI annuity which should have begun in May 1995.  His tax returns for 1995 and subsequent years are consistent with this fact and his files do not include any examples of IRS Forms W2-P or 1099-R relating to annuity

---

[1] This firm also represents Audray Rosenberg, Mr. Rosenberg's surviving spouse, who is listed as a beneficiary on the annuity purchase form.

Macy's HR Services
October 25, 2018
Page 2

payments under the RITI or, for that matter, any payments whatsoever from Federated, Macy's or Cigna.  We are not aware of whether CIGNA's obligations as the agent of Federated (and of Macy's as Federated's successor) were affected by the subsequent sale of certain portions of Cigna's life insurance operations to Lincoln National Corporation, but we can state that Mr. Rosenberg's files do not include records of payments from Lincoln National.  We note that there is no indication that the RITI's liability to Mr. Rosenberg was assigned to Connecticut General or that he, in fact, consented to such an assignment or would have been willing do so.

Peter Rosenberg, Mr. Rosenberg's son, initiated correspondence with Macy's HR Services ("Macy's HR") with respect to his father's annuity.  By letter dated January 17, 2018, Macy's HR informed the younger Rosenberg that "After a thorough review of our Plan records, we have determined that Manuel Rosenberg received payment of all pension funds after ending service with the company."  We deem this to be non-responsive to Peter's inquiry, given that it does not indicate whether Macy's HR located anything whatsoever in its records relating to Mr. Rosenberg or his annuity.

Based on this firm's extensive experience advising retirement plan administrators  on their fiduciary and recordkeeping responsibilities, we note that the Plan would have issued Forms 1099-R to Mr. Rosenberg and the IRS on an annual basis and should have retained copies of these forms.  Even if some these forms had been destroyed pursuant to Macy's record retention policies, the forms for recent years would still exist.  Moreover, the actuarial records of the RITI (or a successor plan) would have carried a liability with respect to Mr. Rosenberg, and if the liability had been satisfied or reduced at any point, the actuarial records and balance sheet accrued liabilities would have reflected this.

We urge Macy's to undertake a more diligent process and effort to determine the status of Mr. Rosenberg's RITI annuity.  If a satisfactory answer is not forthcoming, we will consider all available actions to ensure a proper resolution, including judicial review of Macy's retirement plan procedures and engagement with regulators.

Sincerely,

Russell A. Gaudreau, Jr.

RAG/krk
Enclosure

Macy's HR Services
October 25, 2018
Page 3


bcc:   Peter N. Rosenberg, Esq.
       Stephen J. Migausky, Esq.
          (each by e-mail, w/ encl.)



99 Summer Street, 13th Floor
Boston, MA 02110
Tel. 617-357-5200
www.wagnerlawgroup.com

May 16, 2019

*By Certified Mail No.: 7018 1830 0000 3179 9995*
*Return Receipt Requested*

MetLife
Annuity and Retirement Services
PO Box 14710
Lexington, KY 40512-4710

Re:   **Demand for Payment**

Dear Sirs:

This is a demand for payment of retirement benefits on behalf of the estate of Manuel B. Rosenberg which is represented by this firm.  Mr. Rosenberg, who died on June 15, 2017, was an Executive Vice President of the Filene's division of Federated Department Stores ("Federated") and as such was a participant in the Federated Department Stores, Inc. Retirement Income and Thrift Incentive Plan ("RITI").  Through the course of our dealings with MetLife, we understand that RITI is currently being administered by MetLife.

As described in further detail below, Mr. Rosenberg, as a participant in RITI, was to receive a life annuity commencing May 1, 1995.  We believe that Mr. Rosenberg has never received payments related to such annuity; and having been alerted to MetLife's administration of the RITI by Federated, we  have contacted MetLife on several occasions regarding this annuity.  However, we have never received a definitive response from MetLife.  Most recently, Ms. Williams (from MetLife) contacted us on March 14, 2019 to confirm that MetLife is administering RITI and is conducting research into the annuity due to Mr. Rosenberg.  Yet, as of the date of this letter, and notwithstanding our repeated follow-up efforts,[1] we have not heard anything further.

By way of background, the enclosed RITI forms show that Mr. Rosenberg was paid an amount equal to his own RITI contributions (and investment earnings attributable thereto) in the fall of 1973.  The remaining balance of $44,642.58 was to be used as the purchase premium for a life annuity, payable monthly commencing May 1, 1995 which would have been the first month after Mr. Rosenberg attained age 65.  Federated's annuity purchase form (copy enclosed, which was previously furnished to MetLife) was signed by Mr. Rosenberg on February 20, 1974.  Federated's representative signed the form on March 3, 1974 and a stamped acknowledgement of

---

[1] Telephone calls were made to MetLife on February 4, 2019; March 13, 2019 and April 23, 2019

MetLife
May 16, 2019
Page 2



the form's receipt by Connecticut General Life Insurance Company (now known as "Cigna")
bears the date March 6, 1974.[2]  MetLife is understood to have assumed responsibility of the run-
off of this business.

Mr. Rosenberg never received any payments related to the RITI annuity which should
have begun in May 1995.  His tax returns for 1995 and subsequent years are consistent with this
fact and his files do not include any examples of IRS Forms W2-P or 1099-R relating to annuity
payments under the RITI or, for that matter, any payments whatsoever from Federated, Macy's
(Federated's successor) or Cigna (issuer of the RITI annuity).

Based on this firm's extensive experience advising retirement plan administrators, such
as MetLife, on their fiduciary and recordkeeping responsibilities, we note that RITI would have
issued Forms 1099-R to Mr. Rosenberg and the IRS on an annual basis and should have retained
copies of these forms.  Even if some these forms had been destroyed pursuant to MetLife's
record retention policies, the forms for recent years would still exist.  Moreover, the actuarial
records of the RITI (or a successor plan) would have carried a liability with respect to Mr.
Rosenberg, and if the liability had been satisfied or reduced at any point, the actuarial records
and balance sheet accrued liabilities would have reflected this.

We insist that MetLife, as plan administrator, undertake a more diligent search process
and effort to determine the status of Mr. Rosenberg's RITI annuity.  If a satisfactory answer is
not forthcoming, we will consider all available actions to ensure a proper resolution, including
judicial review of MetLife's retirement plan procedures and engagement with regulators.

Sincerely,

Stephen J. Migausky

Enclosure

cc:     Stephen W. Gauster, Esq.
               (by U.S. Mail, w/encl.)
          MetLife Annuity and Retirement Services
               (by email, w/encl.)

---

[2] This firm also represents Audray Rosenberg, Mr. Rosenberg's surviving spouse, who is listed as a beneficiary on
the annuity purchase form.

24

PRINTED FROM IDS CONFIDENTIAL RETIREMENT

## ANNUITY PURCHASE FORM

**1. Contractholder**

FEDERATED DEPARTMENT STORES, INC.

GR1122

**2. Division (Name and address)**

**3. Annuitant's Name** | **3a. Sex** | **3b. Date of Birth** | **3c. Evidence Examined (See Reverse - Show No.)** | **3d. Soc. Sec. No.**

**3d. Annuitant's Address**

**4. Form of Annuity Elected**

☐ 10 Years Certain and Life Annuity  
☐ Full Cash Refund Annuity  
☐ Life Annuity (no death benefit)

☐ Joint and Survivor Annuity with

☐ 100%  ☐ 66 2/3%  ☐ ___%
(check one only)
continuation to designated survivor

**4a. Joint Annuitant's Name** (necessary only if J & S Annuity elected) | **4b. Sex** | **4c. Date of Birth** | **4d. Evidence Examined (See Reverse - Show No.)** | **4e. Relationship**

**4e. Joint Annuitant's Address**

**5. Beneficiary (see reverse side for examples of preferred wording)**

**5a. Beneficiary's Address**

**6. Premium Applied to Purchase Annuity** | **6a. Annuity Purchase Date** | **6b. Annuity Commencement Date** | **6c. Approx. Amount Mo. Annuity**

**7. Mailing Instruction (need not complete unless different from 3d)**

**8. Employer has given Annuitant this letter**  ☐ Yes  ☐ No

**8a. If no, give amount of Annuitant's contributions contained in 6.**

**9. Annuitant's Signature**  *Manuel B. Rosenberg*  **9a. Date**  FEB 20 1974

Certification: We hereby certify that the information shown above accurately reflects data as shown on the records of Federated Department Stores, Inc. and supplemental date, including the evidence of date of birth, supplied to us by the above named Annuitant for assistance in preparing the form. The purchase of the Annuity is in accordance with the terms of the Plan and Contract and is hereby authorized.

Date _____  Signed _____ (Division Representative)

Date _____  Signed _____ (Administrative Committee Representative)

ORIGINAL AND PREMIUM TO GROUP PENSION DEPARTMENT
CONNECTICUT-GENERAL-LIFE INSURANCE COMPANY
HARTFORD, CONNECTICUT

REC'D. MAR 6 1974

GR3957b

25

PRINTED FROM IDS CONFIDENTIAL RETIREMENT

FEDERATED DEPARTMENT STORES, INC. – RETIREMENT INCOME AND THRIFT INCENTIVE PLAN – TRUST NO. 42701

SECTION I - TO BE COMPLETED BY DIVISIONAL RITI REPRESENTATIVE.

REASON FOR TRANSACTION (Put X in appropriate box)

A. Withdrawal of Savings  B. Termination of Employment, Non-Vested  C. Death (Show Name & Address of Beneficiary Under "Comments")  D. Normal Retirement  E. Early Retirement  F. Transfer to General Payment Fund in Cash (N.A.D.)  G. Transfer to General Payment Fund in Cash & Stock (N.R.D.)  H. Retirement from Payment Account  J. Total and Permanent Disability  K. Name or Acct. No. Change (Show New Name or Acct. No. Under "Comments")  L. Change Investment Before Name Retirement Date  M. Other (Explain Under "Comments")

METHOD OF DISTRIBUTION (Put X in appropriate box)

1. 10 Years Certain and Life Annuity  2. Life Annuity  3. Joint & Survivor Annuity  4. Full Cash Refund Annuity  5. Lump Sum Cash  6. Lump Sum in Cash & Stock  7. Installments (Explain Under "Comments")  8. Other (Explain Under "Comments")

(a) Manuel B. Rosenberg
Name of Participant

(b) C-026226349
Account Number of Participant

Savings not heretofore withdrawn $ 2362.50 (Current Year) $ _____ (Last Year)

(c) 10.15.73
Effective date of Transaction

Mailing Address for Distribution: Savings and accretions c/o the division
Annuity certif. c/o the division

(d) ☐
Registered issuer (for Cash) or check box if signed Form 11 already in file

Mailing Address for Form W-2P (formerly Form 1099). Enter participant's own address, unless already noted above. Form W-2P cannot be sent c/o Division. c/o Gimbal's, 8th and Market Sts., Philadelphia, Pa.

(e) 4.26.30
Date of Birth (except for K)

(f) 43 yrs.
Age on effective date (except for K)

COMMENTS: VESTED TERMINATION OF EMPLOYMENT. Pay own savings 73677443 and accretions immediately; balance to be paid in a $44,642,58 deferred annuity

(g) 16 yrs.
Total years of regular employment to effective date (except for K)

(h)

AWAITING BANK ACTION

BANK APPROVED

(i) SS No. or IRS No., of Payee or Transferee to OFF
☒ 5 or more years of plan participation
☐ Less than 5 years of plan participation

Oct.11.73   Filene's
Divisional Authorized Signature   Date   Division

Divisional Authorized Signature   Date

SECTION II - TO TRUSTEE: The RITI Administrative Committee directs and authorizes the transaction indicated on this form. Unless otherwise noted, the Committee Representative, by signing, attests that, at the time of death, participant was not a resident of the State of Illinois.

Committee Representative
11.5.73
Date

Remarks:

16362

SECTION III - COMPUTATION:   Employe's Savings $ 17,281.10 + 2362.50 = 19,643.60

THE FIRST NATIONAL BANK OF CHICAGO:   TRUSTEE TAXPAYER #36-6019239

| | | GENERAL TRUST FUND | | | | | | | | | GENERAL EMPLOYE DEPOSIT FUND | REFUND OF CURRENT SAVINGS | | GENERAL PAYMENT FUND | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | R I | | | | T I | | | TOTALS | | | | | | |
| | | [Sha] | (1) | [¢] | (2) | [Sha] | (3) | [¢] | (4) | [Sha] | (5) | [¢] | (6) | [¢] | (7) | [¢] | [8] | [¢] | (9) | [Sha] | (10) |
| I. Participant's Credits 12/6/72 | | 732.17 | | 3934.56 | | 205.85 | | 1117.69 | | 938.02 | | 5098.25 | | 22158.48 | 2362.50 | | |
| II. Participant's Credits | | | | | | | | | | | | | | | |
| III. Value Adjust. on GTF, GEDF & Curr. Svgs. @ 4/73 | | | | | | | | | | 1387.19 | 1191.89 | 61.59 | | |
| IV. Current Dividends @ .27 | | | | | | | | | | 253.27 | | | | |
| V. Past Dividends @ .80 | | | | | | | | | | 750.42 | | | | |
| VI. Stock @ 41½ on 10/15/73 | | | | | | | | | | (938.02) | 38927.85 | | | | |
| VII. Stock @ ___ on ___ | | | | | | | | | | | | | | |
| VIII. GEDF Special Gov't. Fund | | | | | | | | | | | | | | |
| IX. Surrendered Credits g b/o y | | | | | | | | | | | | | | |
| X. Distributable Credits | | | | | | | | | | -0- | 44642.58 | 40503.77 | 24424.09 | | |

XI. Amount of Distribution Cash $ _____ Less $ _____   Total Cash $ 71,117.04   Sha. of Stock # -0-

SECTION IV - CERTIFICATION BY TRUSTEE:   ACTION DIRECTED BY THIS FORM HAS BEEN COMPLETED
Date _____ By _____ EFF. _____

INSTRUCTIONS & DISTRIBUTION: See RITI Divisional Manual. Division should complete section I, retain white copy and mail other copies to H.Q. Leave first and second carbons intact.

Form RITI 8, May 3/71)
FRANKO PRINTING
COMPLETE FORM WITH TYPEWRITER OR BALL POINT PEN   • PRINT FIRMLY AND LEGIBLY

OCT 15 1973



99 Summer Street, 13th Floor
Boston, MA 02110
Tel. 617-357-5200
www.wagnerlawgroup.com

October 3, 2019

*By email: sjohnson35@brighthousefinancial.com*

Mr. Shaun Johnson
Brighthouse Financial
Senior Compliance Associate
11225 North Community House Rd.
Charlotte, NC  28277

**Re:    Manuel B. Rosenberg; Brighthouse Complaint Number CC2830**

Dear Mr. Johnson:

I am writing this letter with respect to an annuity (the "Annuity") originally issued by
Connecticut General Life Insurance Company with Manuel B. Rosenberg as annuitant.  We
understand that due to several corporate transactions, the Annuity should now be serviced by
Brighthouse Life Insurance Company ("Brighthouse").  As you may recall, in response to a letter
we sent to MetLife (predecessor to Brighhouse), we received your email dated June 14, 2019 and
also your letter dated June 21, 2019 informing us that the Annuity had been cancelled in 1990.
However, at the same time, we also received correspondence from Annuity & Retirement
Services of Brighthouse Life Insurance Company asking us to complete additional paperwork in
connection with the Annuity.

As requested, we completed the additional paperwork and submitted it to Annuity and
Retirement Services on June 28, 2019.  During the following months, I frequently called Annuity
and Retirement Services to check on the status of the claim --- on August 21, 2019 was informed
that a calculations report had been produced and on September 6, 2019, was informed by Tim,
that "absolutely there is a benefit due."  Tim also informed me that additional benefit options
were being calculated which would take approximately three to four weeks.  When I called to
follow up on August 28, 2019, Melissa stated that additional research was still being done.
Finally, I was notified by you on September 24, 2019 in an email that Brighthouse has no record
of such contract.

At this point, we would request an explanation as to why Annuity and Retirement
Services requested that we provide additional information, produced calculations reports, and
even informed us that a benefit was "absolutely" due only to subsequently be told that
Brighthouse has no record of such contract.

Mr. Shaun Johnson
October 3, 2019
Page 2



Furthermore, although your September 24, 2019 email states that Brighthouse has no record of the Annuity, your email dated June 21, 2019 states that Brighthouse records show that the Annuity was canceled in 1990.  We respectfully request that you provide us copies of Brighthouse records evidencing the cancellation of the Annuity.

Thank you in advance for assisting us in researching this Annuity.

Sincerely,

Ellen D. Stone

cc:    Russell A. Gaudreau, Jr., Esq.
            (by email)

{13749/A0471716.1}