UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ESTATE OF MANUEL ROSENBERG )
and AUDRAY ROSENBERG, )
    Plaintiffs, )
 )
        v. ) C.A. No. 20-11860-MLW
 )
MACY'S, INC., FEDERATED )
DEPARTMENT STOREES, INC. and )
BRIGHTHOUSE LIFE INSURANCE )
COMPANY, )
    Defendants. )

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                                  September 29, 2022

I.   INTRODUCTION

    On January 10, 2022, the Magistrate Judge issued a Report and Recommendation (Dkt. No. 50) (the "Report") concerning defendants Macy's, Inc. ("Macy's") and Federated Department Stores, Inc.'s ("Federated") Motion for Judgment on the Pleadings (Dkt. No. 32) and defendant Brighthouse Life Insurance Company's ("Brighthouse") Motion for Judgment on the Pleadings (Dkt. No. 42) (collectively, the "Motions"). The Magistrate Judge recommends that the court allow the Motions.

    Plaintiffs Estate of Manuel Rosenberg and Audray Rosenberg have filed Objections to the Report (Dkt. No. 51) (the "Objections"). Plaintiffs object to the Magistrate Judge's finding that Count I of the Amended Complaint, seeking to recover benefits under the Employee Retirement Income Security Act of 1974

("ERISA"), is time-barred and object to her application of the standard for motions for judgment on the pleadings. Macy's and Federated filed a Response to the Objections (Dkt. No. 52), as did Brighthouse (Dkt. No. 53). Plaintiffs filed a Reply to the defendants' responses (Dkt. No. 56) (the "Reply").

The matters as to which the plaintiffs objected have been reviewed de novo. See 28 U.S.C. §636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b)(3); Díaz-Alarcón v. Flández-Marcel, 944 F.3d 303, 310 (1st Cir. 2019). As explained in this Memorandum, the court is denying plaintiffs' objections. The court finds that the Report is thorough, thoughtful, and persuasive. Accordingly, the court is adopting it in full, incorporating it into this Memorandum as Exhibit 1, and granting the Motions.

II. BACKGROUND

On October 15, 2020, plaintiffs commenced this action pursuant to ERISA. See Compl. (Dkt. No. 1). An Amended Complaint was filed on May 3, 2021. See Amended Compl. (Dkt. No. 29). Plaintiffs allege that they never received monthly payments owed to them under an annuity purchased by Manual Rosenberg. Report at 1-2. Based on this allegation, plaintiffs seek to recover benefits under ERISA, allege a breach of fiduciary duty, and seek equitable relief under ERISA. Id. at 2. In the alternative, the plaintiffs allege breach of contract and seek equitable relief under common law. Id.

2

Defendants Macy's and Federated filed a Motion for Judgment on the Pleadings. See Dkt. Nos. 32 (motion), 33 (memo). Defendant Brighthouse also filed a Motion for Judgment on the Pleadings. See Dkt. Nos. 42 (motion), 43 (memo). All defendants argue that plaintiffs' claims are time-barred. See Dkt. No. 33 at 5-9; Dkt. No. 43 at 4-13. Plaintiffs opposed both Motions. See Dkt. Nos. 37, 46. The Magistrate Judge agreed with defendants that all of plaintiffs' claims are time-barred. Accordingly, on January 10, 2022, she issued the Report recommending that this court grant the Motions and dismiss plaintiffs' claims. See Dkt. No. 50.

III. FACTS

Having reviewed the Magistrate Judge's findings of fact de novo, the court adopts the relevant facts found in the Report and finds certain additional facts supported by the record. See Report at 4-9. The essential facts are summarized as follows.

Manuel Rosenberg was an employee of the Filene's department of Federated from 1957 to 1973. Id. at 4. He was an Executive Vice President for Filene's until he left to become the Chief Executive Officer at Gimbel's. Id.

Mr. Rosenberg was a fully vested participant in the Federated Retirement Income and Thrift Incentive Plan (the "Plan"). Id. When he left Federated, he was paid his contributions to the Plan and applied the balance of $44,642.58 to purchase a 10 Year Certain &

Life Annuity (the "Annuity"). Id. at 4-5. In late 1973,[1] Mr. Rosenberg signed a Participants' Authorization, Election, or Request Form, electing to have his retirement benefits issued to him through a "Deferred Annuity." Amended Compl. ¶32; Ex. F, Amended Compl. (Dkt. No. 29-6). He signed an Annuity purchase form on February 20, 1974. Amended Compl. ¶34. Although illegible now, the purchase form included a commencement date of May 1, 1995 and an approximate monthly payment amount. Id. ¶33; Ex. D, Amended Compl. (Dkt. No. 29-4). Mr. Rosenberg designated his wife Audray as a beneficiary of the Annuity. Report at 6. He passed away in 2017. Id. at 4.

Federated was the Plan sponsor, and Macy's is the successor to Federated. Amended Compl. ¶14. Brighthouse is an annuity and life insurance product provider and successor of Travelers Insurance Company, the insurer of the Plan. Id. ¶¶16, 18. In 2019, Brighthouse confirmed that the Annuity was issued on September 1, 1973 and that, under the Annuity, Mr. Rosenberg would have received monthly payments of $1,468.43 starting on May 1, 1995. Report at 7.

---

[1] Although the Amended Complaint alleges that Mr. Rosenberg made this election on November 10, 1973, the document plaintiffs provided shows that the form was signed on October 10, 1973.

4

However, Brighthouse argues that the Annuity was canceled on June 1, 1990. Id. Defendants have not provided any proof that they informed Mr. or Mrs. Rosenberg that the Annuity would be canceled. Id. at 8. They have not provided an explanation for the cancelation, and there is no evidence that Mr. or Mrs. Rosenberg caused the Annuity to be canceled. Id. There is also no evidence that Mr. or Mrs. Rosenberg ever received any Annuity payments. Id. at 8-9. However, plaintiffs did not make a demand for payment until October 2018, see Amended Compl. ¶50; Ex. I, Amended Compl. (Dkt. No. 29-9), after Mr. Rosenberg's family organized his estate and discovered the existence of the Annuity, see Objections at 6 n.5. Plaintiffs exhausted their administrative remedies before filing suit. Report at 9.

IV. REVIEW OF MAGISTRATE'S REPORT AND RECOMMENDATION

Federal Rule of Civil Procedure 72(b)(3) requires the court to review "de novo any part of the magistrate judge's disposition that has been properly objected to." "Conclusory objections that do not direct the reviewing court to the issues in controversy" do not trigger Rule 72(b). Vélez-Padro v. Thermo King De P.R., Inc., 465 F.3d 31, 32 (1st Cir. 2006). "Parties must take before the magistrate, 'not only their "best shot" but all of their shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) (quoting Singh v. Superintending Sch. Comm., 593 F. Supp. 1315, 1318 (D. Me. 1984)). Therefore, a party is "not entitled to

a de novo review of an argument never raised" before the magistrate judge. Borden, 836 F.2d at 6.

Where no objections have been filed to a report and recommendation, the court is not required to engage in de novo review, or even in "some lesser standard" of review. Thomas v. Arn, 474 U.S. 140, 149 (1985); see also 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the court is encouraged "to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

V.  DISCUSSION

   a. Plaintiffs' First Objection

The parties and the Magistrate Judge all agree that a six-year statute of limitations applies to benefits claims under ERISA §502(a)(1)(B). Count I of the Amended Complaint is such a claim. The parties, however, dispute when the statute of limitations began to run. Plaintiffs argue that it did not begin to run until 2018 or 2019, when they started investigating the Annuity and learned it had been canceled. Report at 13. Defendants argue that it began to run in 1995, "when monthly Annuity payments should have commenced but allegedly did not." Id. at 12. The Magistrate Judge agreed with defendants, finding that "nonpayment of the Annuity was a clear repudiation and that the clear repudiation should have

6

been made known to Mr. Rosenberg in 1995, on the first nonpayment." Id. at 17-18.

Plaintiffs now object to this finding, arguing that the Magistrate Judge misapplied First Circuit precedent. They argue that a claim for benefits can only be clearly repudiated after a claim is made. Objections at 7. They also argue that nonpayment alone is not enough to clearly repudiate a claim for benefits. Id. at 8-9.

### i. Legal Standard

In ERISA actions, ordinarily the statute of limitations is triggered when a fiduciary denies a claimant benefits. Riley v. Metro. Life Ins. Co., 744 F.3d 241, 244-45 (1st Cir. 2014). The clear repudiation rule dictates that "an ERISA cause of action accrues when, after a claim for benefits is made and a specific sum is sought, the ERISA plan repudiates the claim or the sum sought, and that rejection is clear and made known to the beneficiary." Id. at 245. A "formal denial" is not necessary "to trigger the statute of limitations." Id. (quoting Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 521 (3d Cir. 2007)). Instead, the statute of limitations is triggered "when there is enough information available to the [claimant] to assure that he knows or reasonably should know," through the exercise of due diligence, of his alleged injury. See id. (quoting Novella v. Westchester Cnty., 661 F.3d 128, 147 (2d Cir. 2011); Carey v. Int'l Brotherhood of

Elec. Workers Local 363 Pension Plan, 201 F.3d 44, 47-48 (2d Cir. 1999). For these purposes, a decedent's knowledge is imputed to his or her estate. See McDaniel v. Johns-Manville Sales Corp., 542 F. Supp. 716, 719-720 (N.D. Ill. 1982).

*ii. Analysis*

The parties and the Magistrate Judge rely in part on the primary First Circuit case on this issue, Riley v. Metropolitan Life Insurance, Co., 744 F.3d 241 (1st Cir. 2014). In Riley, the plaintiff made a claim for long-term disability benefits, which was approved by his employer. Id. at 243. He began to receive monthly payments of an amount below what he believed he was owed. Id. at 244. He refused to cash any of the checks and returned them to the employer. Id. He asked the employer to stop payments and instituted two actions against it over the next few years, although both were dismissed. Id. Almost seven years after the plaintiff received his first check, he instituted a third lawsuit seeking unpaid disability benefits under ERISA. Id. The district court granted the employer's motion for summary judgment because it found that the six-year statute of limitations had expired. Id. at 243. The First Circuit affirmed the decision. Id.

Plaintiffs read Riley to require an affirmative claim and some communication from the fiduciary before the statute of limitations is triggered. They distinguish the instant case from Riley because plaintiffs never received any payment or

communication from defendants. They cite pre-Riley caselaw for the propositions that "mere silence concerning a benefit does not constitute repudiation" and that "a demand for or expectation of payment [must be] rejected" before the statute of limitations begins to run. Objections at 10-11.

For example, plaintiffs cite Laurenzano v. Blue Cross & Blue Shield of Massachusetts, Inc. Retirement Income Trust, 134 F. Supp. 2d 189 (D. Mass. 2001). In Laurenzano, the plaintiff elected in 1997 to receive a single, lump sum distribution of his pension rather than receive a life annuity that was increased yearly by cost-of-living adjustments. Id. at 191. In accordance with the terms of the plan effective January 1, 1976, the lump sum payment did not include the projected value of cost-of-living adjustments. Id. at 192-93. Following demands for additional benefits, the plaintiff instituted a class action. Id. at 192. The parties disputed when the statute of limitations began to run. The defendant argued that it began in 1976, when the disputed Plan terms were adopted. Id. at 207. The court held that although these terms were "clearly illegal," see id. at 209, "each class member's cause of action accrued, at the earliest, when he received his lump sum distribution," id. at 210. This was because the plan members were "injured" when they received lump sum distributions for less than the legally required amounts. Id. at 207. The court reasoned that "class members did not receive a clear denial of

9

their benefits . . . at the moment they joined the Plan." Id. at 209. It stated that "[t]o hold otherwise would require lay participants and beneficiaries to be constantly alert for errors and abuses that might give rise to a claim and start the statute of limitations running." Id. at 210 (internal quotation marks and citations omitted).

Plaintiffs' comparison to Laurenzano is unpersuasive. The alleged injury suffered by plaintiffs is the failure to receive Annuity payments. This injury began in May 1995 and continued month after month. The fact that Mr. Rosenberg was not receiving payments should have been obvious to him, without requiring him to be "constantly alert for errors and abuses." See id. While the court finds that the failure to receive payment would have been obvious in May 1995, the six-year statute of limitations provided a reasonable person six years following the initial missed Annuity payments to realize and seek redress for his injury. See Riley, 744 F.3d at 245.

A more apt comparison, made by the Magistrate Judge and Brighthouse, is to Kingsbury v. Marsh & McLellan, 2011 WL 344746 (D. Mass. Feb. 1, 2011), aff'd, 462 F. App'x 10 (1st Cir. 2012). In Kingsbury, the plaintiff sued under ERISA to recover her deceased sister's pension benefits. Id. at *1. The decedent allegedly became entitled to the benefits when she turned 65 on July 5, 2000, but she never received them. See id. She did not

10

make a claim for benefits until October 4, 2007, when her brother-in-law made one on her behalf. Id. The plaintiff argued that the statute of limitations began in 2010 following the "final denial of her claim at the end of the administrative process." Id. at *2. The court found that "[u]nder this theory . . . a 'plaintiff could thereby trigger the statute of limitations at [her] own discretion, creating an indefinite limitations period.'" Id. (citing Ozarowsky v. Owens-Illinois, Inc., 2010 WL 2696789, at *6 (W.D. Pa. July 6, 2010)) (second alteration in original). Finding that the plan had "clearly repudiated [the decedent's] claim for benefits by not paying her a pension upon turning 65," the court held that the plaintiff's claim was barred by the statute of limitations. Id. at *1-2.

Plaintiffs attempt to distinguish the instant case from Kingsbury because there is allegedly more evidence of Mr. Rosenberg's entitlement to benefits than was present in Kingsbury. See Objections at 12-13. Without offering an explanation, plaintiffs argue that the "factual circumstances" of the failure to pay the decedent pension benefits in Kingsbury "fit neatly into the parameters of the clear repudiation rule."² Id. at 13. The

---

² Plaintiffs also note that Kingsbury was decided on summary judgment following full discovery, whereas no discovery has been done in the instant case. For the reasons described infra, the court concludes that plaintiffs' claims are time-barred by accepting as true their version of the facts. There is no factual

11

court is not persuaded by plaintiffs' attempt to distinguish Kingsbury. To the contrary, the fact that Mr. Rosenberg's claim is supported by evidence of his participation in the Plan and his purchase of the Annuity makes it more likely that he was entitled to benefits and more likely that the failure to pay the benefits was a clear repudiation.

Under plaintiffs' theory, the statute of limitations could be suspended indefinitely if Mr. Rosenberg never made an affirmative claim for the Annuity benefits. As the Magistrate Judge stated in the Report, this result is inconsistent "with the traditional aims of statutes of limitations, including 'rapid resolution of disputes, repose for defendants, and avoidance of litigation involving lost or distorted evidence.'"[3] Report at 21 (quoting Miller, 475 F.3d at 522). It would also undermine ERISA's aim of predictability. See Riley, 744 F.3d at 248.

Further, as defendants Macy's and Federated note in their response to plaintiffs' objections, see Dkt. No. 52 at 5, the group annuity contract does not require that an annuitant make an

---

dispute that could be affected by discovery. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Therefore, the fact that Kingsbury was decided on a motion for summary judgment rather than a motion for judgment on the pleadings is not material.

[3] This concern is illustrated by the instant case, which requires review of a decades-old and now-illegible Annuity purchase form. See Ex. D, Amended Compl.

12

affirmative claim to receive benefits and plaintiffs do not allege that Mr. Rosenberg was required to do so. It appears that Mr. Rosenberg's Annuity payments should have begun automatically in May 1995. This is different from Riley in which no benefits were owed to the defendant until after a claim for long-term disability benefits was made. The alleged injury, the failure to make Annuity payments, began at the time of the first missed payment, not at some undetermined time after Mr. Rosenberg may have decided to seek benefits.

The court finds that a formal denial is not necessary to trigger the running of the statute of limitations. The court does not read Riley to require an affirmative action by the fiduciary to communicate repudiation. Instead, the court finds that Riley properly read is consistent with Kingsbury, and that an omission or failure to take an action, including failure to make multiple payments, can clearly communicate to a beneficiary that his benefits have been denied.

As discussed further infra, the court may dismiss plaintiffs' claims without finding that they had actual knowledge of the Annuity and defendants' repudiation. At the very least, Mr. Rosenberg was actually aware of the Annuity and the payment commencement date when he signed the related forms. Even if he had forgotten about the Annuity over the following two decades, he

13

should have, through due diligence, realized that he was not receiving the Annuity payments after his retirement.

Accordingly, the court finds that the Magistrate Judge was correct in finding that Count I of the Amended Complaint is time-barred. Therefore, it is denying this objection.

### b. Plaintiffs' Second Objection

Plaintiffs also object to the Magistrate Judge's application of the legal standard concerning motions for judgment on the pleadings. They argue that "not only did the Magistrate fail to accept all factual allegations included in the Amended Complaint as true, but the Magistrate, throughout the Report, erroneously drew inferences in the Defendants' favor as the basis for the Report's findings." Objections at 15. Specifically, plaintiffs dispute the Magistrate Judge's conclusion that nonpayment of the Annuity was a clear repudiation that Mr. Rosenberg should have known about in 1995. Id. at 15-17. They direct the court to allegations in the Amended Complaint about defendants' lack of communication with plaintiffs about the Annuity and its cancelation as well as their lack of actual knowledge of the Annuity's existence prior to 2018. Id. at 17. In their reply, plaintiffs also cite a recent First Circuit case, N.R. by and through S.R. v. Raytheon Co., 24 F.4th 740 (1st Cir. 2022), to support their argument. Reply at 6-9.

14

Plaintiffs argue that the Annuity purchase was not an individual purchase, but rather "was purchased in accordance with the Plan's terms and the benefit was provided as part of Defendant Macy's group contract." Id. at 3 n.4. They further argue that that there is no reason Mr. Rosenberg would have assumed his Annuity was still in force following the enactment of ERISA and various corporate transactions concerning Federated occurring after his departure from the company. Objections at 19.

### i. Legal Standard

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)." Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir. 2014) (quoting Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007)). Accordingly, the court must "tak[e] as true the well-pleaded facts in the complaint," "draw[] all reasonable inferences in favor of the plaintiff," id., and determine whether it "state[s] a claim to relief that is plausible on its face," Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012). While "detailed factual allegations" are not required, the court may disregard mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at

15

555. In addition, "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 557 n.5).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 556) (stating that the alleged facts must "raise a reasonable expectation that discovery will reveal evidence" of the alleged misconduct). "To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales, 682 F. 3d at 44-45. The court "neither weighs the evidence nor rules on the merits because the issue is not whether plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass. 1996).

Under Rules 12(b)(6) and 12(c), the court may consider the complaint, attached exhibits, "documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Grajales, 682 F. 3d at 44 (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)); In re Colonial

16

Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003). When "a complaint's factual allegations are expressly linked to--and admittedly dependent upon--a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it." Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998). When such documents contradict an allegation in the complaint, the document trumps the allegation. See Clorox Co. P.R. v. Proctor & Gamble Consumer Co., 228 F.3d 24, 32 (1st Cir. 2000).

  *ii. Analysis*

  The Amended Complaint alleges that Mr. Rosenberg signed a Participants' Authorization, Election, or Request Form in late 1973. Amended Compl. ¶32. The form shows that Mr. Rosenberg elected to have his retirement benefits issued through a "Deferred Annuity." Ex. F, Amended Compl. (Dkt. No. 29-6). The Amended Complaint also alleges that he signed the Annuity purchase form on February 20, 1974. Amended Compl. ¶34. Although illegible now, the purchase form he signed included a commencement date of May 1, 1995 and an approximate monthly Annuity amount. Id. ¶33; Ex. D, Amended Compl. The only plausible inference from these allegations is that Mr. Rosenberg was at one time aware that he had purchased the Annuity and knew, or should have known, that Annuity payments were to commence in 1995. This knowledge is imputed to plaintiffs. See McDaniel, 542 F. Supp. at 719-720.

17

The court finds that the Magistrate Judge applied the correct standard. The key fact that plaintiffs overlook is that the Magistrate Judge found that plaintiffs had <u>constructive</u> knowledge of the nonpayment of the Annuity, not actual knowledge. Report at 26. In 1974, Mr. Rosenberg was, or should have been, aware of the Annuity and the payment commencement date. The failure of defendants to issue payments starting on that date put plaintiffs on notice of defendants' repudiation. This conclusion is not altered when taking as true all of plaintiffs' allegations, including that defendants did not communicate with Mr. or Mrs. Rosenberg about the Annuity, advise that it was canceled, or formally inform Mr. or Mrs. Rosenberg that they would not be making Annuity payments. While such communications might have been helpful to Mr. Rosenberg, they were not necessary for a reasonable person in Mr. Rosenberg's situation to know that he was not receiving the benefits of the Annuity he purchased or to discover the nonpayment through reasonable diligence.

The court considered the First Circuit's recent decision in <u>Raytheon</u>, an ERISA case in which the First Circuit reversed, in part, the district court's decision to dismiss the case for failure to state a claim. The court finds that <u>Raytheon</u> applies the familiar, existing standard for motions to dismiss, <u>see</u> 24 F.4th at 746, 748, and does not support plaintiffs' argument that the Magistrate Judge misapplied the standard in the instant case.

The court's conclusion is also not altered by plaintiffs' allegations that the Annuity purchase was not an individual purchase by Mr. Rosenberg but was instead a purchase undertaken by his employer. Assuming this is true, there are still at least two documents that Mr. Rosenberg signed which show that he was aware of the purchase. Plaintiffs provide potential explanations for why Mr. Rosenberg may have assumed that he was no longer entitled to Annuity payments. However, these amount to no more than mere speculation and do not make plausible any claim that Mr. Rosenberg could not have determined the status of the Annuity through reasonable diligence.

The facts pleaded in the Amended Complaint require the conclusion that, while plaintiffs may not have had actual knowledge of a clear repudiation, they did have constructive knowledge. Therefore, the court is denying this objection.

c. Remainder of Report

Plaintiffs do not object to the Magistrate Judge's findings that their claims for breach of fiduciary duty and equitable relief under ERISA, and their alternative claims for breach of contract and equitable relief under common law, are time-barred. In their Reply, plaintiffs concede that objections to these findings would "serve only to unnecessarily complicate the litigation." Reply at 14 n.14. They state that their claim for breach of fiduciary duty is no longer viable and that their claim for equitable relief under

19

ERISA is redundant. Id. They also note that, because the Report finds that ERISA applies, the state law claims are not necessary. Id.

Nevertheless, the court finds that the Report is thorough, thoughtful, and persuasive on these matters. Therefore, the court is adopting the Report in its entirety.

VI. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The attached Report and Recommendation (Dkt. No. 50) is ADOPTED and INCORPORATED pursuant to 28 U.S.C §636(b)(1)(C).

2. Macy's and Federated's Motion for Judgment on the Pleadings (Dkt. No. 32) is ALLOWED.

3. Brighthouse's Motion for Judgement on the Pleadings (Dkt. No. 42) is ALLOWED.

4. Judgment shall enter for defendants.

　　　　　　　　　　　　　　　　　/s/ Mark L. Wolf
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE